IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF T.J.W.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF T.J.W., ALLEGED TO BE A DANGEROUS SEX OFFENDER.

T.J.W., APPELLANT,

V.

LANCASTER COUNTY BOARD OF MENTAL HEALTH, APPELLEE.

Filed April 21, 2020.    No. A-19-812.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Jonathan Braaten, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Patrick F. Condon, Lancaster County Attorney, and Christopher D. Seifert for appellee.

MOORE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

T.J.W. appeals from an order of the Lancaster County District Court affirming the Lancaster County Mental Health Board's order finding T.J.W. was a dangerous sex offender and that there was no less restrictive treatment alternative available for him other than inpatient sex offender treatment. For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

On September 13, 2018, the Lancaster County Mental Health Board (hereinafter the Board), following a contested hearing, found T.J.W. to be a mentally ill and dangerous sex offender and that there was no less restrictive treatment alternative available for him other than inpatient sex offender treatment with the Nebraska Department of Health and Human Services at the Norfolk

Regional Center. T.J.W. did not appeal the September 13 order. T.J.W. later requested a review hearing on March 28, 2019. The review hearing was held before the Board on April 9, 2019. The following evidence was heard at the review hearing.

The State called Dr. Jean Liang, who testified telephonically. Dr. Liang is a licensed psychologist employed at the Norfolk Regional Center. Dr. Liang testified that when T.J.W. was admitted to the Norfolk Regional Center following the September 13 order, she was assigned to do T.J.W.'s initial psychological evaluation and develop his treatment plan. Dr. Liang testified that T.J.W. had several mental health diagnoses including pedophilic disorder, neurodevelopmental disorder, personality change due to prenatal exposure to alcohol, and several diagnoses attributed to past physical and sexual abuse. The most recent treatment update for T.J.W. was also received in evidence. Dr. Liang testified that T.J.W. has been slow to progress in his treatment plan and that "he obviously hasn't met the discharge criteria yet." Further, Dr. Liang noted that T.J.W. had previously struggled with outpatient treatment. Dr. Liang testified that, based on a reasonable degree of psychological certainty, T.J.W. remains a risk of harm to others. Specifically, Dr. Liang opined that T.J.W. remains a dangerous sex offender and continues to have many of the same risk factors that were present when he was first placed on an inpatient commitment. Dr. Liang further opined that outpatient treatment would not be adequate to prevent potential harm.

T.J.W. also testified at the review hearing. T.J.W. believes that he was placed at the Norfolk Regional Center illegally in the first place and that he is not supposed to be there.

The Board entered an order on April 9, 2019, finding that there was no less restrictive alternative treatment than inpatient commitment with NDHHS for inpatient sex offender treatment at the Norfolk Regional Center. T.J.W. appealed this order. The Lancaster County District Court, upon de novo review, affirmed the April 9 order from the Board on August 6, 2019. The district court found T.J.W. to be a dangerous sex offender and that no less restrictive alternative treatment is available other than inpatient sex offender treatment at the Norfolk Regional Center. T.J.W. now appeals the August 6 order from the district court.

## ASSIGNMENTS OF ERROR

T.J.W. assigns that the district court erred in upholding the Board's finding that he is a dangerous sex offender and that there was no less restrictive alternative than inpatient commitment with the Nebraska Department of Health and Human Services for inpatient sex offender treatment.

## STANDARD OF REVIEW

The district court reviews the determination of a mental health board de novo on the record. *In re Interest of J.R.*, 277 Neb. 362, 762 N.W.2d 305 (2009). In reviewing a district court's judgment, an appellate court will affirm the judgment unless we find, as a matter of law, that the judgment is not supported by clear and convincing evidence. *Id*. Clear and convincing evidence means the amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved and, further, that it is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. *In re Interest of Justine J. & Sylissa J.*, 288 Neb. 607, 849 N.W.2d 509 (2014).

ANALYSIS

T.J.W. asserts that the evidence presented at the review hearing was insufficient to prove that he was a dangerous sex offender and continued to need inpatient treatment. The State bears the burden to prove by clear and convincing evidence that the individual remains mentally ill and dangerous. *In re Interest of D.I.*, 281 Neb. 917, 799 N.W.2d 644 (2011). In order for a person to be considered a dangerous sex offender, the State must prove by clear and convincing evidence that the person is likely to engage in repeat acts of sexual violence and that he or she is substantially unable to control his or her criminal behavior. *In re Interest of J.R.*, 277 Neb. 362, 762 N.W.2d 305 (2009).

The Board first found T.J.W. was a dangerous sex offender on September 13, 2018. T.J.W. did not appeal this finding. The Board again determined T.J.W. was a dangerous sex offender after the review hearing on April 9, 2019. At the hearing, the State presented evidence from Dr. Liang, who opined that ultimately T.J.W. had been slow to progress, had not yet met the qualifications for discharge, and remained a dangerous sex offender. T.J.W.'s only evidence was his testimony that he believed that he was being held at the Norfolk Regional Center illegally. He did not offer any evidence, through expert testimony or otherwise, to show that he is no longer a dangerous sex offender. The State provided clear and convincing evidence that T.J.W. remains a dangerous sex offender.

The State must also prove that neither voluntary hospitalization nor other alternative treatment less restrictive than inpatient treatment would prevent the individual from harming himself or others. *In re Interest of O.S.*, 277 Neb. 577, 763 N.W.2d 723 (2009). T.J.W. argues that the State did not prove that inpatient treatment was necessary. However, Dr. Liang specifically testified that T.J.W. failed to complete outpatient treatment prior to his commitment at the Norfolk Regional Center, and that at this time he has not made the necessary progress for discharge. Again, T.J.W. did not produce any contradictory evidence. Thus, the State satisfied its burden of proving that there was no other alternative treatment less restrictive than inpatient commitment.

CONCLUSION

We conclude that the district court did not err in finding clear and convincing evidence to support the Board's determination that T.J.W. is a dangerous sex offender and that there was no less restrictive alternative than inpatient commitment with the Nebraska Department of Health and Human Services at the Norfolk Regional Center for inpatient sex offender treatment.

AFFIRMED.